# UNITED STATES DISTRICT COURT
for the
Southern District of Texas

United States Courts
Southern District of Texas
FILED

*July 30, 2023*

Nathan Ochsner, Clerk of Court

| | |
|---|---|
| United States of America ) | |
| v. ) | Case No. |
| Jose Luis HERNANDEZ ) | |
| ) | C-23-573M |
| *Defendant(s)* | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __July 28, 2023__ in the county of __Aransas__ in the __Southern__ District of __Texas__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C 922(a)(6) | False Statement in Purchase of a Firearm |
| 18 U.S.C. 371 | Conspiracy to commit offense or to defraud the United States |
| 18 U.S.C 2(a) | Aiding and Abetting |

This criminal complaint is based on these facts:

(See Attachment A - Affidavit)

☑ Continued on the attached sheet.

*Complainant's signature*

Oscar Guardado, ATF Special Agent
*Printed name and title*

Submitted by reliable electronic means, sworn to, signature attested telephonically per Fed.R.Crim.P.4.1, and probable cause found on

Date: 07/29/2023

*Judge's signature*

City and state: Corpus Christi, Texas        Julie K. Hampton, United States Magistrate Judge
*Printed name and title*

## ATTACHMENT A

I, Oscar Guardado, being duly sworn, do hereby state that I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), a Division of the United States Justice Department, assigned to the Corpus Christi Field Office and have been so employed since October 28, 2019.  As a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives, I am vested with the authority to investigate violations of Federal laws, including Titles 18 and 26, United States Code. Prior to the employment with ATF I was employed with the Customs and Border Protection Office of the Border Patrol. I was employed in this capacity April 10, 2008 through October 27, 2019. During this tenure I was vested with the authority to enforce Federal Immigration Law in the southern border of Texas. As a result of my training, my experience relating to these statutes, and the experience of other senior ATF Special Agents, I know that it is a violation of:

> Title 18 U.S.C. § 922(a)(6): for any person in connection with the acquisition or attempted acquisition of any firearm or ammunition from a licensed importer, licensed manufacturer, licensed dealer, or licensed collector, knowingly to make any false or fictitious oral or written statement or to furnish or exhibit any false, fictitious, or misrepresented identification, intended or likely to deceive such importer, manufacturer, dealer, or collector with respect to any fact material to the lawfulness of the sale or other disposition of such firearm or ammunition under the provision of this chapter;

> Title 18 U.S.C. § 371: If two or more person conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose, and one or more of such person do any act to effect the object of the conspiracy;

> Title 18 U.S.C. § 2(a): whoever commits an offense against the United States or aids, abets, counsels, commands, induces, or procures its commission, is punishable as a principle.

Further, the Affiant states as follows:

1. This affidavit is in support of a criminal complaint charging Jose Luis Hernandez (hereinafter referred to as "HERNANDEZ") with the criminal violation set forth in Attachment A.  The evidence available to me demonstrates there is probable cause to believe HERNANDEZ and Samuel McKinney (hereinafter referred to as "McKinney") have violated Title 18 U.S.C. Section 922(a)(6), Title 18 U.S.C. Section 371 and Title 18 U.S.C Section 2(a).

2. The information contained in this affidavit is based upon Your Affiant's personal knowledge and the knowledge of other law enforcement officers.  This affidavit is limited in scope to information relevant to this purpose and is not an exhaustive account of all information pertaining to HERNANDEZ and McKinney or this investigation.

3. This investigation began on July 19, 2023, when ATF learned of several investigations related to firearms purchases by HERNANDEZ. The firearms purchases, by HERNANDEZ, which include recoveries in Mexico are indicative of firearms trafficking.

4. On July 24, 2023, your Affiant received information through a Federal Firearms Licensee (FFL), Diamondback Firearms LLC, located in Rockport, Texas alleging HERNANDEZ and McKinney placed an order for three rifles. Additionally, the FFL stated that money for the

firearms had been provided by HERNANDEZ in bulk cash totaling approximately $38,500. The FFL further stated that the order for the firearms had been placed and were expected to arrive later in the week or possibly the following week. However, FedEx tracking information later confirmed a delivery date of July 28, 2023.

5. Based on the information, Agents began conducting surveillance of the FFL gun store at or about the time the firearms were scheduled to arrive. At approximately 3:50 pm on July 28, 2023, agents observed a HERNANDEZ and McKinney arrive at the FFL gun store in a red Toyota Tacoma. Several moments later, Agents observed HERNANDEZ and McKinney exiting the residence and loading three large pelican cases into the Toyota Tacoma. HERNANDEZ and McKinney were then observed getting into the Toyota Tacoma and leaving the premises of the FFL gun store.

6. Moments after leaving the location, a Police Officer with the City of Rockport Police Department (RPD) observed the red Toyota Tacoma commit a traffic violation and subsequently conducted a traffic stop. During the traffic stop, McKinney was identified as the driver of the vehicle and HERNANDEZ as the front passenger.

7. While RPD conducted the traffic stop, Agents approached the scene and identified themselves to HERNANDEZ and McKinney. Agents requested for HERNANDEZ and McKinney to voluntarily go to the RPD station for an interview regarding the firearm purchases, to which HERNANDEZ denied the request. Additionally, HERNANDEZ refused to answer any questions without his attorney present.

8. While at the scene, McKinney agreed to be interviewed and consented to answer questions following his Miranda Rights Advisement without the presence of an attorney. During the questioning McKinney stated that HERNANDEZ paid him $500 to drive him to the gun store and to fill out the form to purchase a firearm. McKinney stated that HERNANDEZ buys guns and resales them. McKinney stated that HERNANDEZ needed him to fill out the form to purchase the firearms because HERNANDEZ couldn't do anymore purchases under his own name.

9. Additionally, McKinney described the firearm he purchased as a "big sniper rifle", but could not articulate the make, model or caliber of the rifle. McKinney further stated that he did not pay for the rifle nor had the kind money to pay for the type of rifle he just acquired.

10. On July 28, 2023, McKinney in connection with his acquisition of that firearm, from Diamondback Firearms LLC located in Rockport, Texas, a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, did knowingly make a false and fictitious written statement to Diamondback Firearms LLC, which statement was intended and likely to deceive Diamondback Firearms LLC, as to a fact material to the lawfulness of such acquisition of the said firearm to the defendant under Chapter 44 of Title 18, in that McKinney did execute a Department of Justice, Bureau of Alcohol, Tobacco, Firearms, and Explosives Form 4473, Firearms Transaction Record, and provided the response to question 21(a) by checking the box indicating "Yes" to the following question:

> 21(a) "Are you the actual transferee/buyer of the firearm(s) listed on this form and any continuation sheet(s) (ATF Form 5300.9A)? **Warning: You are not the actual transferee/buyer if you are acquiring the firearm(s) on behalf of another person. If you are not the actual transferee/buyer, the licensee cannot transfer the firearm(s) to you.**,"

when in fact McKinney knew, the answer to the question posed in question 21(a) was "NO" because, as evidenced by his post-Miranda statement, he was purchasing the firearm with the intent of transferring the firearm to HERNANDEZ.

11. On or about July 28, 2023, HERNANDEZ and McKinney agreed for McKinney to purchase a firearm and in doing so HERNANDEZ and McKinney obstructed the United States government from fulfilling its government duties. McKinney, on July 28, 2023, through deceitful means executed a Department of Justice, Bureau of Alcohol, Tobacco, Firearms, and Explosives Form 4473 thus impeding the government from conducting a thorough vetting as to HERNANDEZ' acquisition of the firearm.

12. On or about July 28, 2023, HERNANDEZ aided and abetted McKinney in the purchase of a firearm in violation of Title 18 U.S.C 922(a)(6) in that he organized the scheme, provided the money to buy the firearms prior to the transfer of the firearms from the FFL, directed McKinney to acquire the firearm from the FFL, and made a payment to McKinney for his involvement in the firearms transactions.

13. Based on the above information, your Affiant believes HERNANDEZ and McKinney acquired a firearm in violation of Title 18, United States Code Section 922 (a)(6), Title 18, United States Code Section 371, and Title 18 United States Code Section 2(a); to wit, Barrett Firearms Manufacturing, Model 82A1, 50 caliber rifle, with serial number AA015958.

AUSA Amanda Gould approved this criminal complaint for filing.

Further, the Affiant sayeth not.

*Oscar Guardado*
Oscar Guardado, ATF Special Agent

Submitted by reliable electronic means, sworn to, signature attested telephonically per Fed.R.Crim.P.4.1, and probable cause found on this 29th day of July 2023.

Julie K. Hampton
UNITED STATES MAGISTRATE JUDGE

3