**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF TEXAS**

**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | . | CASE NO. 2:23-CR-426 |
| | . | |
| PLAINTIFF, | . | |
| | . | |
| V. | . | CORPUS CHRISTI, TEXAS |
| | . | WEDNESDAY, MARCH 19, 2025 |
| JOSE LUIS HERNANDEZ, | . | 11:20 A.M. TO 11:36 A.M. |
| | . | |
| DEFENDANT. | . | |

. . . . . . . . . . . . . . . . . .

**SENTENCING**

**BEFORE THE HONORABLE NELVA GONZALEZ RAMOS**
**UNITED STATES DISTRICT JUDGE**

APPEARANCES:                                     SEE NEXT PAGE

ELECTRONIC RECORDING OFFICER: MARA GONZALEZ

CASE MANAGER:                                    BRANDY CORTEZ

OFFICIAL INTERPETER:                             JANIS PALMA

TRANSCRIPTION SERVICE BY:

**TRINITY TRANSCRIPTION SERVICES**
**1081 Main Street**
**Surgoinsville, TN 37873**
**281-782-0802**
**battshott@aol.com**

Proceedings recorded by electronic sound recording;
Transcript produced by transcription service.

### UNITED STATES DISTRICT COURT

### SOUTHERN DISTRICT OF TEXAS

### CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | . | CASE NO. 2:23-CR-426 |
| | . | |
| PLAINTIFF, | . | |
| | . | |
| V. | . | CORPUS CHRISTI, TEXAS |
| | . | WEDNESDAY, MARCH 19, 2025 |
| JOSE LUIS HERNANDEZ, | . | 11:20 A.M. TO 11:36 A.M. |
| | . | |
| DEFENDANT. | . | |

. . . . . . . . . . . . . . . . .

### SENTENCING

### BEFORE THE HONORABLE NELVA GONZALEZ RAMOS
### UNITED STATES DISTRICT JUDGE

Appearances:

**For the GOVERNMENT:**          **AMANDA GOULD, ESQ.**
                                 Assistant United States Attorney
                                 Office of the United States
                                   Attorney
                                 800 N. Shoreline Blvd., Suite 500
                                 Corpus Christi, TX 78401

**For DEFENDANT HERNANDEZ:**     **KRISTEN D. LANGFORD-HARRIS, ESQ.**
                                 Assistant Federal Public Defender
                                 Office of the Federal Public
                                   Defender
                                 606 N. Carancahua, Suite 401
                                 Corpus Christi, TX 78401-0697

U.S. Probation Office:           Alyssa Lutz

United States Marshal:           G. Gonzalez

Transcription Service:           Cheryl L. Battaglia
                                 Trinity Transcription Services
                                 1081 Main Street
                                 Surgoinsville, TN 37873

**Corpus Christi, Texas; Wednesday, March 19, 2025; 11:20 a.m.**

THE COURT:  *Case Number 2:23-CR-426, United States of America versus Jose Luis Hernandez.*

Would the Government announce?

MS. GOULD:  Good morning, your Honor.  Amanda Gould on behalf of the United States.

MS. LANGFORD:  Good morning.  Kristen Langford for Mr. Hernandez.

**(Pause in the proceeding.)**

THE COURT:  All right.  Good morning, sir.  Would you raise your right hand.

**(Defendant sworn.)**

CASE MANAGER CORTEZ:  Thank you, sir.

**(Pause in the proceeding.)**

THE COURT:  All right.  Would you tell us your name, please?

DEFENDANT HERNANDEZ:  Jose Luis Hernandez.

THE COURT:  We're here today for sentencing.  You previously entered pleas of guilty.  Those were on different dates.  For the two counts in the indictment.

Count One, aiding and abetting the trafficking of firearms.  That was on November 21st, 2024.  And then Count Two, aiding and abetting false statement in purchase of firearm.  That plea was ——

**(Pause in the proceeding.)**

THE COURT:  —— February 22nd, 2024.

Pleas were before Magistrate Judges, two different Magistrates.  Based on your —— the information you gave at your plea hearings and the information that I reviewed in the Presentence Report, the Court accepts your pleas of guilty on those two counts.

Did you receive a copy, it —— it is an amended Presentence Report.  Did you receive a copy of that?

DEFENDANT HERNANDEZ:  Yes, ma'am.

THE COURT:  Did you have a chance to read it?

DEFENDANT HERNANDEZ:  Yes, ma'am.

THE COURT:  And did you discuss it with your attorney?

DEFENDANT HERNANDEZ:  Yes, ma'am.

THE COURT:  Counsel, I don't see any objections here.  Any corrections for the report from the Government?

MS. GOULD:  No, your Honor.

THE COURT:  From the defense?

MS. LANGFORD:  Your Honor, not so much a correction, but an update on —— on —— on the education sections 46, 47, and 48, Mr. Hernandez has since the interview enrolled in —— in school.  And he is currently taking college courses for a business administration degree.

DEFENDANT HERNANDEZ:  Marketing.

MS. LANGFORD:  I'm sorry.  Marketing degree.  Here I

have his transcripts, your Honor.  He's practically a straight A student.

So just to amend that portion to say that he is currently in school.

THE COURT:  Okay.  So we'll just update that Miss Lutz, on the judgment?

MS. LUTZ:  Yes, your Honor.

THE COURT:  Okay.

MS. LANGFORD:  Thank you.

THE COURT:  All right.  Then I'm to set the Guideline.

**(Pause in the proceeding.)**

THE COURT:  And the Court will accept the Presentence Report as its finding of fact.  That gives an advisory Guideline range calculated to be Total Offense Level 12, Criminal History Category I.  That produces a range of custody of 10 to 16 months.

Is that right, Miss Gould?

MS. GOULD:  It is, your Honor.

THE COURT:  And Miss Langford?

MS. LANGFORD:  Yes, your Honor.

**(Pause in the proceeding.)**

THE COURT:  What's the recommendation from the Government?

MS. GOULD:  Your Honor, this Defendant has no

4

criminal history.  But we are recommending a bottom of the Guideline range sentence, even though he's in Zone C.

And the reason for that is pretty much rooted in the origins of this investigation.  What brought light to Mr. Hernandez in the first place was that six firearms that he purchased were recovered from October, 2018 from October, '22 that were linked to criminal activities.  And two of them were recovered in Mexico.

So although the evidence that we have only points to the firearms that were seized at the time of this incident, we knew that there was some activity involving the transfer of firearms, his transfer of firearms, to other people who ended up being involved in criminal activity.

So based that —— on that, Judge, and despite his lack of criminal history, we're requesting a bottom of the Guideline range sentence.

**THE COURT:**  Thank you.  Miss Langford?

**MS. LANGFORD:**  Yes, your Honor.  We ——

**THE COURT:**  And I did receive several letters ——

**MS. LANGFORD:**  Yes.

**THE COURT:**  —— on his behalf.  I've reviewed those.

**MS. LANGFORD:**  Thank you, your Honor.  Thank you.

**(Pause in the proceeding.)**

**MS. LANGFORD:**  Yes, your Honor.  And —— and I know your Honor's familiar with this case and the back and forth

with the several motions.

I — I don't think this is the kind of case that — that Congress or the Sentencing Commission really had in mind when they were creating this new offense.  Or really, your Honor, the plus two enhancement.

Yet, based on your Honor's ruling on the Motion to Dismiss and research into the enhancement, they — they both do seem correct.

We — we would ask your Honor to consider certainly that Mr. Hernandez is a zero point offender for the first didn't get the reduction due to — due to the guns.  But we'd ask you to consider that under 3553(a).

As your Honor has seen really through the letters he has a lot of support, a lot of family support.  And while he's been on bond that he had a brand new baby.  Your Honor can tell also from the report that Mr. Hernandez is the primary caretaker of the home since his wife works.  And Mr. Hernandez takes care of the children.  And a couple of his children do have issue that need special therapies, that — that, of course he attends.

Your Honor, this was, you know, Mr. Hernandez has no criminal history.  He's a really sweet, mild mannered person. I — when we're talking about, you know, what happened here, he — he — this was a hobby of his.  It was — it — it was — and I — and I think I liken it to, you know, someone who likes

6

fast cars.  You know, that can also be dangerous.  This was a hobby that can be dangerous.

But he did —— certainly didn't use it in a dangerous manner.  He did ——

THE COURT:  But —— but how did he get here if I can ask.  There's no criminal history.  I understand guns are —— they look for people who can possess them and do so legally, rightfully, follow the laws, the rules.

How do you get no criminal history at all, someone who's family oriented, is doing everything he can for his family to where we are today.  What —— what happened?

MS. LANGFORD:  Well, your Honor, I think what happened is —— and —— and again, I'll state, you know, this was an important hobby of his.

And he was involved in his selling of some of the guns and legally.  And he was legal to have the guns at the —— at that time.

**(Pause in the proceeding.)**

MS. LANGFORD:  Unbeknownst to him, people that he had sold some of his guns to sold them off to bad people that they ended up in Mexico or in crimes.

Mr. Hernandez had absolutely no knowledge of that.  Obviously, the Government would have charged him with that if they thought he did.

THE COURT:  But if he sold it to them legally, how is

he tagged?

**MS. LANGFORD:**  Okay.  So, he's not tagged with those sales right that —— and the Government has no proof that Mr. Hernandez had any knowledge of these getting to bad people.

What happened was, and —— and this is also so sad, your Honor.  We did a show and tell at the very beginning of this whole case.  And I asked the agent what —— if Mr. Hernandez had received a license for dealing, if he had applied for that, we wouldn't be in this situation.

I asked him why he didn't do that.  He looked into it.  And you —— you must have an actual building to sell the guns out of.  You cannot do it out of your home.  And his HOA wouldn't allow him to set up that building on his home.

So, as he's trying to purchase some guns, I —— I think that, Miss Gould, correct me if I'm wrong.  I think one of the —— one of the firearms dealers just got —— didn't want to sell him the guns because he thought he had sold him too many.

He just got suspicious of something.  And wouldn't sell him those two guns that he was trying to get from this guy in Austin.

**DEFENDANT HERNANDEZ:**  No.  It was in Hidalgo

**MS. LANGFORD:**  Hidalgo.  Okay.

So what he did was he got his friend to purchase the gun knowing that he was going to take the gun back.  So that's

8

the crime.

THE COURT:  Miss Gould?

MS. GOULD:  I would just like to clarify that these aren't just typical guns.  These are large guns.  They're the variety of which when you see pictures of cartel with the gun on the back, it's that kind of a .50 caliber rifle.

I mean, they're ——

THE COURT:  But —— but ——

MS. GOULD:  —— big guns.

THE COURT:  —— legal.  I mean, he was allowed to have the guns.

MS. GOULD:  Right.

THE COURT:  It's just ——

MS. GOULD:  What —— what his mistake was, was using a straw purchaser.

THE COURT:  Yes.

(Pause in the proceeding.)

MS. LANGFORD:  So that's —— that's how we got here.

I know that he's —— he would never have done that if he had known he —— this was all going to come to play.

But, your Honor, they didn't charge the —— the man who bought the gun.  I —— I don't know why.  I —— one difference is that at the day of the arrest, that man spoke to agents.  Mr. Hernandez requested an attorney.  I —— so I don't know.

But, yeah.  This is why — this is why I said, your Honor, this is such a strange offense, again, for this charge and this enhancement.  But, unfortunately, it — it somehow fits.

So, your Honor, we would — we would return to the fact that he had no knowledge about these guns going to — to bad people.  And again, now he is a felon.  And he cannot possess any of these guns.

He's been out on bond for almost two years —

**THE COURT:**  Can —

**MS. LANGFORD:**  — he's been lived on bond compliant.  And I think that your Honor can see on Paragraph 69 the probation officer also asks your Honor to consider his lack of criminal history and his — the family reliance on Mr. Hernandez.

**(Pause in the proceeding.)**

**MS. LANGFORD:**  So we'd ask your Honor to consider a one level with a variance and sentence him to probation in this case, your Honor.

**THE COURT:**  Miss Gould, did you want to say something else?

**MS. GOULD:**  I just wanted to add that I believe it was the firearms dealer became alarmed because of the amount of cash.  Cause all of these were cash purchases.  And they're very expensive.  And I think that he tipped off the ATF to have

TRINITY TRANSCRIPTION SERVICES

a look at this transaction.

And then they arrived, the straw purchase occurred.

**(Pause in the proceeding.)**

**THE COURT:**  All right.  Thank you.

Mr. Hernandez, is there anything you want to say to the Court about your sentence here?

**DEFENDANT HERNANDEZ:**  Yes, ma'am.  My action was irresponsible.  It was selfish.  I threw away a passion that I love.

And not just that, I —— I caused my wife and my kids to fear not being taken care of.  And it's been eating me alive for the past two years.

**(Pause in the proceeding.)**

**THE COURT:**  All right.  And is that all?

**DEFENDANT HERNANDEZ:**  I will not fail in my family. I will continue to go to school.  I will get my degree.

**(Pause in the proceeding.)**

**DEFENDANT HERNANDEZ:**  My actions prove that I do not repeat mistakes, I learn from then.  And I would just beg the Court and the Government, to take consideration of all the people that know my true character speaks who I am as a person.

And please allow me to continue to be there for my son.  He deeply needs me.

**(Pause in the proceeding.)**

**THE COURT:**  All right, sir.

**(Pause in the proceeding.)**

**THE COURT:** The Court adopts the Presentence Report as written. Court is going to grant the variance here, based on various factors. You have been on ——

**(Pause in the proceeding.)**

**THE COURT:** —— bond. I'm showing maybe not quite 2 years, 20 year —— 20 months or so. Been fully compliant. No issues there.

There —— well, Court's considering lack of criminal history. And then, your conduct while out on bond, regarding your family, family responsibilities, and your enrollment in school, Court will sentence you to two years of probation on each count to run concurrent.

Court will impose a Special Assessment of $100 on each count for a total of $200.

**(Pause in the proceeding.)**

**THE COURT:** And the Court will not impose a fine.

**(Pause in the proceeding.)**

**MS. GOULD:** We also had a criminal forfeiture, Notice of Criminal Forfeiture, in the superseding indictment.

**THE COURT:** Okay. And where are we on that?

**MS. GOULD:** I don't have an order for you today, Judge. But I can provide an order to the Court.

**THE COURT:** Was there any sort of preliminary forfeiture or anything at all? Or?

(Pause in the proceeding.)

**MS. GOULD:**  You know, if you all will ——

(Pause in the proceeding.)

**MS. GOULD:**  I'm not sure.

**THE COURT:**  Is there an agreement regarding the forfeiture?

**MS. LANGFORD:**  Yes, your Honor.

(Pause in the proceeding.)

**THE COURT:**  Okay.  So but nothing before the Court today?  But there's going to be an agreement regarding the forfeiture shown in Nexus or whatever the property being forfeited to the offense.

And then we would make that forfeiture order part of the judgment.

(Pause in the proceeding.)

**THE COURT:**  That ——

**MS. GOULD:**  Yes, your Honor.

**THE COURT:**  —— that generally what we do.  But I don't —— I don't —— I don't have anything before the Court at this point, correct?

**U.S. PROBATION OFFICER LUTZ:**  I —— I don't show of ——

**THE COURT:**  Yeah.

**U.S. PROBATION OFFICER LUTZ:**  —— as any —— anything's been filed.

**THE COURT:**  All right.

MS. GOULD: Nothing's been filed. I'll take care of it.

THE COURT: So — yeah.

MS. GOULD: — everything.

THE COURT: Let me just go backtrack a little bit to the Probation.

You've been on bond conditions for a significant amount of time. You've been compliant. Probation conditions are going to be similar, mandatory conditions required by law, standard conditions imposed by the Court.

And then I'm not showing that anything regarding basis for any special conditions. The only thing is we do have Probation with no fine. So Court is going to impose 50 hours of community service to be done within the first year of probation.

**(Pause in the proceeding.)**

THE COURT: In imposing this sentence, the Court has considered the Advisory Guideline sentencing factors set forth in 3553. The Court finds the sentence imposed is sufficient, but not greater than necessary to impose an appropriate sentence. Court finds this sentence provides just punishment.

The Government move to dismiss, let's see, there's a couple of things going on here. We have a couple of — we had, well two counts. And he pled guilty to those. But was there a superseding indictment?

**MS. GOULD:**  There was.

So I would move to dismiss the underlying indictment.

**THE COURT:**  That's granted.

**(Pause in the proceeding.)**

**THE COURT:**  And now, Mr. Hernandez, you did —— there's no plea agreement here.  So you do have the right to appeal the conviction, the sentence that was imposed.  If you want to do that, you need to file a notice within 14 days.  If you can't afford an attorney, you can ask the Court to appoint you an attorney.

Do you understand your right to appeal?

**DEFENDANT HERNANDEZ:**  Yes, ma'am.

**THE COURT:**  Do you have any questions?

**DEFENDANT HERNANDEZ:**  No, ma'am.

**THE COURT:**  Anything further from the Government?

**MS. GOULD:**  No, your Honor.  Thank you.

**THE COURT:**  Defense?

**MS. LANGFORD:**  That's it, your Honor.

**THE COURT:**  Probation?

**(Pause in the proceeding.)**

**U.S. PROBATION OFFICER LUTZ:**  Your Honor, just for clarification on the forfeiture.  With that —— I'm unclear what —— how that should ——

**THE COURT:**  Yeah.  Well at this point, I don't think —— I don't know when you're going to provide it to me.

So that would be anything for the judgment right now, I guess.

Generally, I — there's been a preliminary order maybe that I am signing a final order at sentencing.  And we make it part of the judgment, for some reason that's what I recall.

We don't always have those.  But there's nothing at this point before the Court.  So, nothing to address.

**U.S. PROBATION OFFICER LUTZ:**  Thank you, your Honor.

**MS. GOULD:**  Thank you, your Honor.

**THE COURT:**  Okay.  He could be excused.

**(This proceeding was adjourned at 11:36 a.m.)**

CERTIFICATION

I certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.

    /s/ *Cheryl L. Battaglia*                          August 19, 2025

        Transcriber                                    Date

2:23-CR-426

03/19/25 - 08/19/25

**TRINITY TRANSCRIPTION SERVICES**